UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| MITCHELL HUNT | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:14-1752 |
| | ] | Judge Trauger |
| SOUTHERN HEALTH PARTNERS | ] | |
| Defendant. | ] | |


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Wilson County Jail in Lebanon, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Southern Health Partners, presumably the health care provider for inmates at the Jail, seeking damages.

The plaintiff is a party in the case of <u>Hunt v. Whitefield, et al.</u>, Civil Action No.3:14-1044 (M.D. Tenn.). In that case, the plaintiff is challenging conditions of his confinement at the Wilson County Jail. The plaintiff has learned that, during discovery, opposing counsel was given access to the plaintiff's medical records by officials of Southern Health Partners "without my consent and without a court order." He believes that this constitutes a violation of his rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of

1

state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The Constitution does not encompass a general right of non-disclosure of private information. Doe v. Wigginton, 21 F.3d 733,740 (6th Cir.1994)(rejecting an inmate's claim that his constitutional right to privacy was violated by disclosure of his HIV infection to a corrections officer). Thus, it appears that the conduct complained of did not violate the plaintiff's constitutional rights.

In any event, the plaintiff is suing the defendant for the alleged misconduct of its "officials". The plaintiff, however, can not sue the defendant solely because of its status as an employer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). The plaintiff has not alleged that the defendant practices a company wide policy that requires the violation of its patients' rights. Therefore, the plaintiff has failed to state a claim upon which relief can be granted.[1]

When the plaintiff has failed to state a claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

---

[1] The Court has reviewed the docket sheet for Case No.3:14-1044 and notes that the plaintiff has not objected there to the disclosure of his medical records.

2

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge